**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-21060-CV-WILLIAMS**

MELINDA GELENG, *et al.*,

    Plaintiffs,

v.

INDEPENDENT LIVING SYSTEMS, LLC,

    Defendant.

_____/

## **ORDER**

**THIS MATTER** is before the Court on Magistrate Judge Lisette Reid's Report and Recommendation (DE 95) ("***Report***") granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (DE 90) ("***Motion***"). In the Motion, Plaintiffs David Asato, Katrina Berres, Ge Xiao Fang, Melinda Geleng, Mathew George, Maria Gomez, Dimitri Gutierrez, Chelsea Jensen, Rhianna McMullen, David Perez, Mark Salzano, Ernest Scoggan, and Ryan Smith ("***Plaintiffs***" or "***Class Representatives***") and Defendant Independent Living Systems, LLC, ("***Defendant***" or "***ILS***") (collectively, the "***Settling Parties***") notify the Court that they have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release (DE 90-1) ("***Settlement***") and request the Court's preliminary approval of the Agreement. (DE 90 at 8.) In the Report, Judge Reid finds the following:

> (1) th[e] Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified in the Motion and Settlement should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced

counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiffs, and their rights to opt-out of the Settlement Class or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiffs[.]

(DE 95 at 1–2.) No objections were filed to the Report, and the time to object has passed. Upon careful review of the Report, the Motion, the record, and the applicable law, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (DE 90) is **GRANTED.**

2. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement. *See* (DE 90-1 ¶¶ 1.1–1.53.)

3. The Court currently has jurisdiction over the subject matter and Parties to these proceedings pursuant to 28 U.S.C §§ 1331, 1332.

4. Venue is proper in this District.

**I. Provisional Class Certification and Appointment of Class Representative and Class Counsel**

5. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006)

(internal quotation marks omitted). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id.* In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

6. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> **All persons residing in the United States whose personal information was exposed or potentially accessed in the Data Breach at ILS.**

7. Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed class and on the entry of the Final Approved Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: in the Action, approximately 3.9 million individuals located throughout the United States are members of the proposed settlement class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff[s] to demonstrate that the class members 'have suffered the same injury,'" and the plaintiffs' common contention "must be of such a nature that it is capable of classwide resolution—

which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to Plaintiffs and the Settlement Class and would generate common answers central to the viability of the claims were this case to proceed to trial, and Defendant is alleged to have injured all members of the Settlement Class in the same way from the Data Security Incident.

(c) <u>Typicality</u>: Plaintiffs' claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief stemming from the Data Security Incident. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that typicality is satisfied where "claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (stating that named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members.").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative(s) has any interests antagonistic to the class; and (2) whether the proposed class counsel possesses the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because Plaintiffs' interests are aligned

with the Settlement Class, there are no conflicts of interest between Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel regularly engages in consumer class litigation, complex litigation, and other litigation like this Action (specifically data breach actions), and have dedicated substantial resources to the prosecution of this Action. (DE 90 at 29.) Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions are the primary aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover,

each member of the Settlement Class has claims that arise from the same or similar alleged Defendant practices stemming from the Data Security Incident as well as the same legal theories.

8. The Court appoints Plaintiffs David Asato, Katrina Berres, Ge Xiao Fang, Melinda Geleng, Mathew George, Maria Gomez, Dimitri Gutierrez, Chelsea Jensen, Rhianna McMullen, David Perez, Mark Salzano, Ernest Scoggan, and Ryan Smith as the Class Representatives.

9. The Court appoints (i) Stuart A. Davidson of Robins Geller Rudman & Dowd LLP; (ii) Alexandra M. Honeycutt of Milberg Coleman Bryson Phillips Grossman PLLC; and (iii) John A. Yanchunis of Morgan & Morgan as Class Counsel.

## II. Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-CV-60646, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties, and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### III. Approval of Class Notice and the Claims Process

12. The Settling Parties have presented to the Court a proposed form of the Settlement Notices and Claim Form, which are appended to the Settlement Agreement as Exhibit A, Exhibit B, and Exhibit D. (DE 90-1.) The Settling Parties may make non-material and ministerial changes to the Notices to correct typos and complete the insertion of required dates without further order of the Court, but any other revisions must be approved by the Court.

  (a) The Court finds that the proposed notices, and the website referenced in the Settlement Notices, fairly and adequately:

    i. Describe the terms and effect of the Settlement Agreement and of the Settlement;

    ii. Notify the Settlement Class concerning the plan of allocation of Settlement Benefits;

      iii. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for Plaintiffs Attorneys' Fees and Expenses;

      iv. Notify the Settlement Class that Administrative Expenses related to the Settlement will be paid from the Settlement Fund;

      v. Give notice to the Settlement Class of the time and place of the Final Fairness Hearing; and

      vi. Describe how the recipients of the Settlement Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

13. Kroll Settlement Administration LLC shall serve as the Administrator.

14. The Settling Parties have proposed the following manner of communicating the notice to Class Members: Within seven (7) calendar days after the entry of this Order, Defendant shall provide to the Settlement Administrator a list of the Settlement Class Members that includes full names (to the extent available), current addresses (to the extent available), and email addresses (to the extent available) as reflected in Defendant's records. Within thirty (30) calendar days after the Preliminary Approval Order is entered, the Settlement Administrator shall commence mailing via first-class U.S. mail or emailing to all Settlement Class Members for whom mailing addresses or email addresses are available, the Short Notice, and shall commence notice through a media campaign expected to reach approximately 88% of Settlement Class Members. (DE 90-1 ¶ 6.1; DE 90 at 7.) The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide

notice to the Settlement Class (and Former Participant Claim Forms) in the manner described. Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names (to the extent available), current addresses (to the extent available), and email addresses (to the extent available). The names (to the extent available), current addresses (to the extent available), and email addresses (to the extent available) obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

15. As soon as practicable following the entry of this Preliminary Approval Order, the Administrator shall establish the Settlement Website as a means for Settlement Class Members to view and download notice of and information about the Settlement, including relevant case documents and deadlines. The Settlement Website shall contain relevant, mutually-agreed-to documents, including, but not limited to, a downloadable version of the Short Notice, the Long Notice, the Claim Form; the Settlement Agreement; Plaintiffs' motion for preliminary approval of the Settlement; the Preliminary Approval Order; and the Fee Application. The Settlement Website shall also include a toll-free telephone number, email address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. (DE 90-1 ¶ 1.48.) The Settlement Website shall not include any advertising and shall remain operational until at least one hundred eighty (180) calendar days after all Settlement Payments have been distributed. (*Id.*) Proposed Class Counsel and Counsel for ILS may agree on changes to the format of the Settlement Website and may agree to add information to the Settlement Website.

16. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than ninety (90) calendar days after the Notice Date. (*Id.* ¶ 3.2.) Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Settlement Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

17. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

18. Defendant shall prepare and send all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, et seq ("CAFA"). Defendant may, in its discretion, retain the Settlement Administrator to perform the task of providing CAFA notice.

**IV. Final Approval Hearing, Opt-Outs, and Objections**

19. A Final Approval Hearing shall be held on **Monday, November 17, 2025 at 10:00 a.m.**, before the Honorable Kathleen M. Williams in Room 11-3 of the Wilkie D. Ferguson, Jr. United States Courthouse, located at 400 North Miami Avenue in Miami, Florida to determine, among other issues: (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate; (b) whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only; (c) whether the Settlement Notice and notice plan were performed as directed by this Court; (d) whether the claims process under the Settlement is fair, reasonable, and adequate; (e) whether Class Counsel's request for an award of attorneys' fees of up to one third (1/3) of the Settlement Amount, and an award of litigation

expenses and charges actually incurred, should be approved by the Court; and (f) whether the settlement benefits are fair, reasonable, and adequate.

20. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. (DE 90-1 ¶ 7.1–7.4.) To be valid and timely, opt-out requests must be completed in accordance with the Settlement and Notice, verified, and received on or before the last day of the Opt-Out Period, which is sixty (60) days following the Notice Date ("Opt-Out Deadline"). Opt-out requests must be received by the Opt-Out Deadline at the address(es) established by the Settlement Administrator and included on the Long-Form Settlement Notice. Any request to optout of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by the Settlement Agreement. Settlement Class Members may only opt-out on behalf of themselves; mass or class opt-outs will not be valid. Opt-out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll Settlement Administration LLC, or Class Counsel. Settlement Class Members who seek to opt-out shall receive no benefit or compensation under the Settlement Agreement. Settlement Class Members who do not opt-out from the Settlement Class shall be bound by the terms of the Settlement Agreement, to the extent it receives final approval, and any final judgment.

21. Any Settlement Class Member may object to the proposed Settlement or Class Counsel's Fee Application. Any such objections must be received by the Settlement

Administrator, at the address(es) indicated in the Long-Form Settlement Notice. For an objection to be considered by the Court, the objection must be received or postmarked within sixty (60) calendar days of the Notice Date, as set forth in the Notice ("Objection Deadline"). (DE 90-1 ¶ 8.1–8.4.) Any Settlement Class Member objecting to the Settlement agrees to submit any discovery related to the Objection. To be valid, an objection must include the following information:

    (a) the objector's full name, address, telephone number, and email address (if any);

    (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Data Security Incident);

    (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    (d) the identity of all counsel representing the objector, including the identity of all counsel who will appear at the Final Approval Hearing;

    (e) a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection;

    (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    (g) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

**V. Further Papers in Support of Settlement and Attorneys' Fee Application**

22. No later than fourteen (14) days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their Application for an Award of Attorneys' Fees and Expenses and proposed orders.

23. No later than fourteen (14) days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and proposed orders.

24. No later than seven (7) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their responses to timely filed objections to both the Settlement and the Application for an Award of Attorneys' Fees and Expenses.

**VI. Effect of Failure to Approve Settlement**

25. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (b) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections,

arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

26. If the Settlement does not become final, this Order shall be of no force and effect and shall not be construed or used as an admission, concession, or declaration by or against ILS of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

**VII. Release of Claims and Bar of Other Proceedings**

27. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded and shall not have rights under the Settlement Agreement, shall not be entitled to submit a Claim Form, and shall not be bound by the Settlement Agreement or any Final Approval Order in this Action.

28. If the Settlement is finally approved, all Settlement Class members who have not submitted a timely and proper Opt-out notice shall release the Released Persons from all Released Claims, as described in Section 9 of the Settlement Agreement, including, but not limited to, all claims arising out of or relating to the Data Security Incident (as defined in the Settlement Agreement) or the maintenance, storage, theft, or disclosure of

any sensitive information of any Settlement Class Member in relation to the Data Security Incident. (DE 90-1 ¶ 9.1–9.2.)

29. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and all Settlement Class Members are barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the Released Claims (as defined in the Settlement Agreement); or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit based on or relating to any of the Released Claims (as defined in the Settlement Agreement).

30. Based on the foregoing, the Court preliminarily approves the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Timing |
| --- | --- |
| ILS to provide contact information for Settlement Class Members | Within 7 calendar days after entry of Preliminary Approval Order |
| ILS provides CAFA Notice required by 28 U.S.C. §1715(b) | Within 10 calendar days after the filing of Plaintiffs' Motion for Preliminary Approval |
| Notice Plan commences ("Notice Date") | Within 30 calendar days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. §1715(d) | 90 calendar days after the appropriate governmental offices are served with CAFA notice |
| Deadline to file Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Expenses: | No later than 14 calendar days prior to the Opt-Out/Objection Deadlines |
| Receipt or postmark deadline for Requests for Exclusion (opt outs) or Objections | 60 calendar days after commencement of Notice Plan |
| Postmark/Filing deadline for members of the Settlement Class to file claims | 90 calendar days after Notice Date |

| Deadline for Plaintiffs to file any reply | No later than 7 calendar days prior to the Final Approval Hearing |
|---|---|
| Final Approval Hearing | No earlier than 120 calendar days after Preliminary Approval Order; to be set by the Court |
| ILS's Payment of the balance of the Settlement Amount Pursuant to Paragraph 2.1 | No later than 30 calendar days after the Effective Date |
| Payment of Attorneys' Fees and Expenses | At least 10 calendar days after the payment of the balance of the Settlement Amount |

31. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

32. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>3rd</u> day of July, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE