UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Master File No. 1:23-cv-21060-Williams

In re INDEPENDENT LIVING SYSTEMS
DATA BREACH LITIGATION

CLASS ACTION

This Document Relates To:

    ALL ACTIONS.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (DE 97) ("***Motion***") and following the November 17, 2025 Final Approval Hearing (DE 103). Upon review of the Motion and the Class Action Settlement Agreement (DE 90-1) ("***Settlement Agreement***") entered into between Plaintiffs David Asato, Katrina Berres, Ge Xiao Fang, Melinda Geleng, Mathew George, Maria Gomez, Dimitri Gutierrez, Chelsea Jensen, Rhianna McMullen, David Perez, Mark Salzano, Ernest Scoggan, and Ryan Smith ("***Plaintiffs***") and Defendant Independent Living System, LLC ("***Defendant***" or "***ILS***"), and for the reasons discussed on the record at the Final Approval Hearing (DE 103), it is **ORDERED AND ADJUDGED** as follows:

    1.    Plaintiffs' Motion (DE 97) is **GRANTED**.

    2.    The Court, for the purpose of this Final Approval Order, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

3. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's-length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties.

5. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, the Parties thereto, including the Settlement Class and for purposes of the Settlement and Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court grants final approval of the appointment of Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Alexandra M. Honeycutt of Milberg Coleman Bryson Phillips Grossman PLLC, and John A. Yanchunis of Morgan & Morgan as Co-Lead Class Counsel.

8. The Court grants final approval of the appointment of David Asato, Katrina Berres, Ge Xiao Fang, Melinda Geleng, Mathew George, Maria Gomez, Dimitri Gutierrez, Chelsea Jensen, Rhianna McMullen, David Perez, Mark Salzano, Ernest Scoggan, and Ryan Smith as Class Representatives.

9. On July 3, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (DE 96) ("**Preliminary Approval Order**") that preliminarily approved the Settlement Agreement and set November 17, 2025 as the Final Approval

Hearing to consider the final approval of the Settlement Agreement and Plaintiffs' Counsel's Fees and Expenses.

10. The Court's Preliminary Approval Order approved the Postcard Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

11. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

12. The Court finds that ILS has complied with the requirements of 28 U.S.C. §1715 regarding the CAFA Notice.

13. The Court certifies the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Settlement Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class: "All persons residing in the United States whose personal information was exposed or potentially accessed in the Data Breach at ILS."**

The Settlement Class specifically excludes all Persons who submit a timely and valid request for exclusion from the Settlement Class.

14. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that (a) the Settlement Class of approximately 3.9 million individuals is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and

fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

15. This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class's likelihood of success both of surviving dispositive motions practice, certifying this action as a class action, and of prevailing on the claims at trial, including considering Independent Living Systems, LLC's likelihood of success of prevailing on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Settlement Class) and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

   a. The terms of the Settlement Agreement were fairly and honesty negotiated;
   b. The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

  c. The value of immediate recovery by way of a $14,000,000 non-reversionary common fund outweighs the risks of achieving possibly higher future relief that could occur, if at all, only after further protracted litigation and appeals;

  d. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Settlement Class Counsel determining that it is in the best interest of the Class Members;

16. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

17. Thirty-one (31) Settlement Class Members filed timely requests for exclusion. An anonymized list of those Settlement Class Members is attached to the Settlement Administrator's Second Supplemental Declaration filed in support of the Motion for Final Approval (DE 104-1 at 5). These persons are not bound by the terms of this finally approved settlement.

18. No Settlement Class Member has submitted a valid objection to the Settlement.[1]

---

[1] The Court has reviewed an email from Michael Byrd to the Settlement Administrator (DE 97-3) (the "**Byrd Email**") and discussed the Byrd Email with the attorneys for the Parties during the Final Approval Hearing held on November 17, 2025. The Court finds that the Byrd Email does not satisfy the requirements to qualify as and be considered a valid objection. Contrary to the requirements set forth in the Court's Order preliminarily

19. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

20. The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Settlement Class Members, including Plaintiffs, as well as their heirs, executors and administrators, successors, and assigns.

21. The Releases, which are set forth in the Settlement Agreement (including Section 9) and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order. The Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by all Settlement Class Members, including Class Representatives (as those terms are defined below and in the Settlement Agreement), from all Released Claims (as that term is defined below and in the Settlement Agreement).

    (a) <u>Release and Waiver Definitions</u>

        (i) "Released Persons" means ILS, ILS's Related Entities, and ILS's Customers;

---

approving the settlement (DE 96), the Byrd Email did not include: (i) any proof of membership in the Settlement Class; (ii) the grounds for the objection or legal support; (iii) identification of any counsel representing him; (iv) a list of persons who will be called to testify in support of the purported objection; (v) whether he intends to appear and testify at the final approval hearing; or (vi) any signature attesting to the purported objection. (*Id.* ¶ 21.)  Nor did Mr. Byrd attend the Final Approval Hearing to raise any objection. To the extent the Byrd Submission could be considered a valid objection, it offers no legal or factual basis for any objection and is Overruled.

(ii)     "Customers" mean ILS' business associates and customers, including all health care plans and companies for which ILS provides services.

(iii)    "Related Entities" means ILS' past or present parents, subsidiaries, affiliates, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of ILS' and these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers. Related Entities include, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Civil Actions and/or this Litigation.

(iv)    "Release" or "Releases" means the releases of all Released Claims by all Settlement Class Members, including Class Representatives, against the Released Persons, as provided for in Section 9 of the Settlement Agreement.

(v)     "Released Claims" shall collectively mean any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, requests for relief, and any other forms of liability, both known and unknown (including Unknown Claims (defined below)), against any Released Person arising out of or relating to the Data Security Incident or the maintenance, storage, theft, or disclosure of any Settlement Class Member's Sensitive Information. Released Claims include, but are not limited to, any causes of action under any California statute (including the California Consumer Privacy Act, the Confidentiality of Medical Information Act, and the California Unfair Competition Law), any causes of action under any similar statutes in other states, any causes of action for negligence, negligence per se, breach of contract, breach of

implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, or breach of any consumer protection statute, and any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, or any other form of relief. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

(vi) "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

(vii) "Settling Parties" means, collectively, ILS and Class Representatives, individually and on behalf of the Settlement Class.

(viii) "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Class Representatives, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that upon the

date the Judgment becomes Final, the Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code §1542, as well as any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including the Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

(b)   <u>Released Claims of Settlement Class</u>. Upon the entry of this Final Approval Order, each Settlement Class Member, including Class Representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons. Further, upon the date the Judgment becomes Final, and to the fullest extent

permitted by law, each Settlement Class Member, including Class Representatives, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

   (c) The Releases set forth herein and in the Settlement Agreement were bargained for and are a material element of the Settlement Agreement.

   (d) The Releases do not affect the rights of Settlement Class Members who timely and properly submitted a request for exclusion from the settlement in accordance with the requirements of the Preliminary Approval Order and in Section 7 of the Settlement Agreement.

   (e) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

   (f) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(g) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

21. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Litigation and/or the Released Claims (as that term is defined above and in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

22. Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

23. This Final Approval Order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against ILS of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of ILS or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

25. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by ILS, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Security Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by ILS, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

26. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by ILS that Plaintiffs' claims or any similar claims are suitable for class treatment.

27. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement

Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties had never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

28. This Litigation, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Class Representatives and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein or in the Order Awarding Attorneys' Fees and Expenses (DE 105).

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>21st</u> day of November, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE